**UNITED STATES of America, Plaintiff,**

v.

**Jay Dee WALTERS, Cheryl Walters, Defendant.**

**Nos. 99–40012–01–SAC, 99–40012–02–SAC.**

United States District Court,
D. Kansas.

Aug. 4, 1999.

---

1. The same problem does not exist when the doctor testifies on behalf of her patient.

Eric Kjorlie, Topeka, KS, pro se.

Anthony W. Mattivi, Office of United States Attorney, Topeka, KS, for plaintiff.

Dwight L Miller, Topeka, KS, pro se.

Cheryl Walters, Valley Falls, KS, pro se.

Jay Dee Walters, Valley Falls, KS, pro se.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On May 27, 1999, the grand jury returned a five count superseding indictment charging the defendants, Jay Dee Walters and Cheryl Walters, with one count of conspiracy to manufacture and distribute in excess of one kilogram of a mixture or substance containing a detectable amount of methamphetamine (Count 1) and one count of harboring a fugitive, Billy J. Hill (Count 2). Count 3 of the indictment charges Cheryl Walters with money laundering. Count 4 charges Jay Dee Walters with money laundering. In Count 5, the United States seeks forfeiture of certain property allegedly used to commit and to facilitate the conspiracy to manufacture and distribute methamphetamine charged in Count 1. The Walters are husband and wife. Trial in this matter is set for August 17, 1999.

This case comes before the court upon the following pretrial motions filed by the defendants:

*Motions and other pleadings filed by Jay Dee Walters (represented by Eric Kjorlie):*[1]

**1. Motion for Disclosure [of Rule 404(b) Evidence] by Government (Dk.17)**

---

1. On March 10, 1999, this court entered a min- ute order denying Jay Dee Walters "Motion to

2. Renewed Motion to Compel Discovery Regarding Informant(s) (Dk.27).

3. Motion Adopting Other Co-defendant's Pretrial Motions (Dk.45)

4. Motion to Join in Trial Objections of Co-defendants (Dk.44)

5. Motion Adopting Co–Defendant Cheryl Walter's Motion to Bifurcate Forfeiture Proceedings (Dk.54).

6. Notice of Intent to Introduce Expert Testimony (Dk.30).

*Motions and other Pleadings filed by Cheryl Walters (represented by Dwight Miller):*

1. Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, Financial Compensation, Preferential Treatment and Prior Convictions (Dk.42).

2. Motion of Defendant Cheryl Walters for Discovery (Dk.40); Memorandum in Support of Defendant Cheryl Walters Motion For Discovery (Dk.41).

3. Notice of Demand (Dk.39)

4. Motion to Reserve the Right to File Renewed Motion for Relief From Prejudicial Joinder or Misjoinder Until Defendant's Motion for a Bill of Particulars is Ruled On (Dk.38).

5. Motion For Defense Attorney Conference Room (Dk.37).

6. Motion for Additional and Separate Peremptory Challenges and Memorandum in Support (Dk.36).

7. Motion to Join in Trial Objections of Co–Defendants (Dk.35).

8. Motion Pursuant to Fed.R.Evid. 803(24) (Dk.34).

9. Motion for Bill of Particulars (Dk.33).

10. Motion Adopting Other Co–Defendants Pretrial Motions (Dk.31).

11. Notice of Intent to Introduce Expert Testimony (Dk.29).

12. Motion to Bifurcate Forfeiture Proceedings (Dk.53).

13. Motion for Severance (Dk.32).

The government has filed a consolidated response to the defendants' motions. *See* (Dk.73).

On Thursday, July 22, 1999, the court conducted a motions hearing to consider the defendants' motions. During the hearing, the court ruled on some matters and took others advisement. Each party was given an opportunity to further brief the issue of whether each defendant's post-arrest statements could be introduced at their joint trial without violating the confrontation clause. However, neither defendant availed themselves of this additional opportunity. Having considered the briefs and arguments of counsel, the court is now prepared to rule.

**Motion Adopting Other Co-defendant's Pretrial Motions (Dk.45); Motion Adopting Other Co–Defendants Pretrial Motions (Dk.31).**

Each defendant seeks to join in the other pretrial motions filed by the other defendant. The government opposes this motion, arguing that each defendant should, in general, be required to file their own brief which establishes that he or she has standing to raise the issue and to thoroughly brief the factual and legal issues relevant to their own case.

In its procedural guidelines, this court recognizes many of the concerns voiced by the government in its response. Section 1.C of this court's *Criminal Procedural Guidelines* provide:

A motion to join another party's motion will be granted only upon the following conditions. The joining party will not be allowed to raise any legal or factual arguments that are additional to or different from those found in the original motion, unless they are advanced in the motion to join. Issues, such as prejudice, standing, fairness, or need, that are unique to the party seeking to join must be made in the written motion to join or the court will deem them to have been waived.

The defendant's respective motions to join in the pretrial motions filed by the other defen-

Compel Discovery Regarding Informant(s)" (Dk.18) for noncompliance with this court's

*Criminal Procedural Guidelines. See* (Dk.21).

dant are granted on the conditions set forth in this court's *Criminal Procedural Guidelines.*

**Motion for Bill of Particulars (Dk.33).**

Cheryl Walters seeks an order directing the government to file a bill of particulars stating the specific acts which constitute the conspiracy charged in Count 1, the specific time and place of each alleged act, and the names and addresses of each person with whom she is alleged to have conspired. The defendant contends that she cannot adequately prepare for trial and guard against double jeopardy without this specific information. The defendant contends that she has not yet learned from discovery the identity of her unnamed coconspirators. During oral argument, the defendant expanded her request for a bill of particulars to include a description of the acts she allegedly committed which constitute money laundering.

The government opposes the defendant's motion, arguing that the defendant has not "shown any significant factual or legal reason" why a bill of particulars in necessary in this case. The government notes that "as a practical matter, the defendants in this case have each given statements in which they effectively confess to the government's allegations—they simply contend that they were forced or coerced by Billy Hill into cooperating with his illegal activities. Given this particular defense, it is difficult to imagine how a bill of particulars would be helpful to preparation of the defendants' cases."

**Bill of Particulars**

■ "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense.'" *United States v. Poole,* 929 F.2d 1476, 1479 (10th Cir.1991) (quoting *United States v. Staggs,* 881 F.2d 1527, 1530 (10th Cir.1989), *cert. denied,* 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990)). In the Tenth Circuit, it is usually enough for the indictment to track the statute when the statute adequately expresses all of the elements to the offense.

*United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988). An indictment is held only to minimal constitutional standards. *United States v. Edmonson,* 962 F.2d 1535, 1541 (10th Cir.1992). The sufficiency of an indictment is judged "by practical rather than technical considerations." *Id.* The district court has broad discretion in deciding a motion for bill of particulars. *Id.*

■ " 'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *Dunn,* 841 F.2d at 1029 (*quoting United States v. Cole,* 755 F.2d 748, 760 (11th Cir.1985)). *See United States v. Ivy,* 83 F.3d 1266, 1281 (10th Cir.) ("The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense.") (*quoting United States v. Levine,* 983 F.2d 165, 166–67 (10th Cir. 1992)) (citations and internal quotation marks omitted), *cert. denied,* 519 U.S. 901, 117 S.Ct. 253 (1996); *United States v. Kunzman,* 54 F.3d 1522, 1526 (10th Cir.1995).

■ Though it may provide more information, a bill of particulars is not intended to serve as a discovery device or to compel the government's disclosure of the factual proof planned for trial. *Dunn,* 841 F.2d at 1029. Nor is it a way to require the government's explanation of the legal theories expected at trial. *United States v. Gabriel,* 715 F.2d 1447, 1449 (10th Cir.1983).

**Analysis**

■ Based upon these standards, the defendant's request for a bill of particulars is denied. The defendant has clearly made an inadequate showing that a bill of particulars is warranted in this case. In fact, this request appears to be little more than a poorly disguised attempt at pretrial discovery. The superseding indictment adequately apprises the defendant of the crimes charged. The indictment clearly states that the conspiracy is alleged to have commenced on or about October 1, 1998, and continued through on or

about January 8, 1999, in the District of Kansas. The persons identified as known conspirators in the indictment are the codefendant, Billy J. Hill and Rosan L. Robinson.

■ A comparison of the allegations in Count 1 with those found in the case law establishes the sufficiency of the superseding indictment. The absence of any allegations of an overt act is not a deficiency in the conspiracy charge as proof of an overt act in furtherance of the conspiracy is not an essential element of a 21 U.S.C. § 846 violation. *United States v. Shabani*, 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). In short, a common sense, practical reading of the superseding indictment clearly apprises each defendant of the charge [2] against them.

■ Although this is not yet an "open file" case, the government has provided and will provide prior to trial substantial discovery to the defendants regarding the pending conspiracy, harboring a fugitive, and money laundering charges and prevent surprises at trial or the occurrence of any prejudice to the defendants. *See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir.1996) ("Given the full disclosure here, the district court's denial [of the defendant's request for bill of particulars] was appropriate, and certainly not an abuse of discretion."); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir.1991) ("A bill of particular is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form' ") (citations omitted), *cert. denied*, 504 U.S. 910, 112 S.Ct. 1940, 118 L.Ed.2d 546 (1992).

### Unnamed Conspirators

A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. *Rogers v. United States*, 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951); *United States v. Piccolo*, 723 F.2d

1234, 1238–39 (6th Cir.1983), *cert. denied*, 466 U.S. 970, 104 S.Ct. 2342, 80 L.Ed.2d 817 (1984). As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet." *Piccolo*, 723 F.2d at 1239, *quoting United States v. Davis*, 679 F.2d 845, 851 (11th Cir.1982).

*United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir.1991). *See United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir.1985) ("[The defendants] requested a bill for three reasons: (1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity. These reasons, however, do not warrant a bill of particulars."); *United States v. Booty*, 621 F.2d 1291, 1301 n. 27 (5th Cir.1980) ("[A] conspiracy indictment and a conspiracy charge to a jury may properly refer to unidentified co-conspirators." *See, e.g., Rogers v. United States*, 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951) ("at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted on conspiring with persons whose names are unknown") (citations omitted)).

■ In this case, when the defendants are provided full disclosure by the government they will be able to identify all persons known to the government which are alleged to be coconspirators. Under these circumstances, a bill of particulars is unnecessary. *Cf. United States v. Smaldone*, 484 F.2d 311, 320 (10th Cir.1973), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974).

---

**2.** During oral argument, counsel for Cheryl Walters argued that a bill of particulars was necessary on each count of the indictment. The court is satisfied that each count of the indictment

adequately apprises each defendant of the crime charged and that the discovery provided by the government obviates the need for a bill of particulars in this case.

In light of the court's denial of the defendant's motion for a bill of particulars, the defendant's motion to Reserve the Right to File Renewed Motion for Relief From Prejudicial Joinder or Misjoinder Until Defendant's Motion for a Bill of Particulars is Ruled On (Dk.38) is denied.

### Motion to Bifurcate Forfeiture Proceedings (Dk.53); Motion Adopting Co–Defendant Cheryl Walter's Motion to Bifurcate Forfeiture Proceedings (Dk.54).

Seeking to avoid the potential confusion which might be caused by trying Count 5, the criminal forfeiture count, with the other four counts of the superseding indictment, the defendants ask the court to bifurcate the guilt and forfeiture phases of the trial and to instruct the jury on forfeiture only if a guilty verdict is returned. Recognizing the wisdom of bifurcation, the government assents to defendant's request.

The court agrees that bifurcation of the guilt phase from the criminal forfeiture count is appropriate in this case. *See United States v. Ruedlinger,* 1997 WL 161960 (D.Kan. March 7, 1997) (granting defendant's request to bifurcate the guilt phase from the forfeiture phase). In *Ruedlinger,* this court opined:

> The circumstances here favor a complete bifurcation. Though some evidence concerning the assets for forfeiture may be admissible in the guilt phase of trial, concerns still exist over the defendant's Fifth Amendment dilemma. Moreover, the procedural complexities and chances for jury confusion in a unitary proceeding persuade this court to bifurcate. Therefore, the court completely bifurcates the forfeiture proceeding from the guilt phase of trial. Evidence relevant only to forfeiture issues shall not be admissible at the guilt phase and will be admissible only at the forfeiture phase. Arguments and instructions relating exclusively to forfeiture are likewise to be reserved for the forfeiture proceeding. The court grants the defendant's motion to bifurcate.

*Id.* at *2. This same reasoning is also true in this case, and adopts the same evidentiary and procedural parameters set forth in *Ruedlinger.*

### Motion for Severance (Dk.32)

Cheryl Walters seeks a severance of her case from her codefendant's case under Fed. R.Crim.P. 14. In support of her motion, Walters that her co-defendant has made out of court statements which, if introduced, will violate her right of confrontation as established in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Conversely, Cheryl Walters contends that her co-defendant has also made statements that exculpate her or militate favorably to her defense. Cheryl Walters contends that either or both of these circumstances warrant severance.

The government opposes the defendant's motion. In support of this position, the government invokes the general rule in the Tenth Circuit that persons jointly indicted should be jointly tried. In short, the government argues that nothing the defendant argues is sufficient to carry her heavy burden of demonstrating that severance is appropriate. Because the defendant has not presented anything to substantiate her general claim of prejudice, the government asks the court to deny the defendant's request.

### Analysis

Fed.R.Crim.P. 8 provides that "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transactions constituting an offense or offenses." In the Tenth Circuit, defendants charged jointly under Rule 8 are not entitled to separate trials as a matter of right. To determine whether joinder is appropriate under Rule 8, the court must consider the facts and circumstances of each case. *See United States v. Bailey,* 952 F.2d 363, 364–65 (10th Cir.1991).[3]

Under proper circumstances, the court may grant severance even if joinder under Rule 8 is appropriate. *United States v. Hollis,* 971 F.2d 1441, 1456 (10th Cir.1992), *cert. denied,* 507 U.S. 985, 113 S.Ct. 1580, 123

---

**3.** The defendant in this case does not argue that she is not properly joined under Rule 8.

L.Ed.2d 148 (1993). Fed.R.Crim.P. 14 provides in pertinent part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance or provide whatever other relief justice requires …

"In determining the merits of a motion for severance, the court must weigh the prejudice to a particular defendant caused by the joinder against the important considerations of economy and expedition in judicial interests." *United States v. Mabry*, 809 F.2d 671, 681 (10th Cir.), *cert. denied*, 484 U.S. 874, 108 S.Ct. 33, 98 L.Ed.2d 164 (1987), *and overruled on other grounds, Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). Severance is a matter of discretion, not of right, and the defendant bears a heavy burden of demonstrating prejudice to his case. *Hollis*, 971 F.2d at 1456. "The Supreme Court has emphasized that trial courts have 'a continuing duty at all stages of the trial to grant a severance if prejudice does appear.'" *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir.) (*quoting Schaffer v. United States*, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960)), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989).

 The fact that evidence against one defendant is more incriminating than another is not, standing alone, a basis for severance. *United States v. Dill*, 693 F.2d 1012 (10th Cir.1982); *see also United States v. Cox*, 934 F.2d 1114, 1120 (10th Cir.1991) (that the government's evidence was stronger on some counts than on others does not mandate severance under Rule 14). Severance is not required because a defendant might have a better chance of acquittal if the trials had been severed. *Peveto*, 881 F.2d at 857; *United States v. Petersen*, 611 F.2d 1313 (10th Cir.), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980). Similarly, a complaint that the "spillover effect" from the evidence that was overwhelming or more damaging against the co-defendant than the evidence against the moving party is insufficient to warrant severance. *United*

*States v. Hack*, 782 F.2d 862, 870 (10th Cir.), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986); *United States v. Cox*, 934 F.2d at 1119. Nor does the fact that a defendant is married to a codefendant necessitate severance. *United States v. Sanders*, 929 F.2d 1466, 1470 (10th Cir.), *cert. denied*, 502 U.S. 846, 112 S.Ct. 143, 116 L.Ed.2d 109 (1991).

 Moreover, the court may instruct the jury that it should consider individually the charges against each defendant and the evidence presented, and not consider any evidence admitted solely against one defendant against another defendant. *See United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir.1992) (severance not required if some evidence is admissible against some defendants and not others); *see also United States v. Cardall*, 885 F.2d 656 (10th Cir.1989) (the assumption that juries can and will follow the instructions they are given is fundamental to our system).

Besides being a "preference in the federal system," joint trials " 'play a vital role in the criminal justice system.' " *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (*quoting Richardson v. Marsh*, 481 U.S. 200, 209, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)). Joint trials promote economy and efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent trials." *Richardson*, 481 U.S. at 209, 107 S.Ct. 1702. Such interests are obviously served in having a joint trial of defendants who are indicted together and are alleged to have participated mutually in the charged offense. *See U.S. v. Jenkins*, 904 F.2d 549, 557 (10th Cir.), *cert. denied*, 498 U.S. 962, 111 S.Ct. 395, 112 L.Ed.2d 404 (1990). Consequently, "[c]ourts generally adhere to the principle that 'those indicted together, especially co-conspirators, should be tried together.' " *Peveto*, 881 F.2d at 857 n. 16 (quoting 8 J. Moore, W. Taggert & J. Wicker, Moore's Federal Practice ¶ 14.05, ¶ . 14–82 (2 ed.1989)); *see Jenkins*, 904 F.2d at 556–557 (persons jointly indicted should be tried together); *United States v. Brantley*, 986 F.2d 379, 383 (10th Cir.1993) (defendants indicted together should be tried together).

■ The Supreme Court discussed the issue of severance under Rule 14 in *Zafiro:*

We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. *See Kotteakos v. United States,* 328 U.S. 750, 774–775, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. *See, e.g., Tifford v. Wainwright,* 588 F.2d 954 (5th Cir.1979) (per curiam). The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here. When risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh,* [481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) ] less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. *See* 481 U.S. at 211, 107 S.Ct. 1702.

*Zafiro,* 506 U.S. at 539, 113 S.Ct. 933. Rule 14 does not compel severance even when the risk of prejudice is shown, for the trial court still retains the discretion to create a remedy which will abate the risk of prejudice. *Id.* at 538–39, 113 S.Ct. 933.

■ The mere fact that one defendant seeks to cast blame on the other does not create prejudice. In *United States v. Linn,* 31 F.3d 987 (10th Cir.1994), the Tenth Circuit rejected a claim of "mutually antagonistic" defenses as a ground for a severance:

Here, the mutual antagonism complained of by defendants amounts to no more than finger pointing. The Sturlins maintained that they had nothing to do with the fire at all and that Mr. Linn and others committed the arson as part of a scheme to coerce Guy Sturlin to invest money. Likewise, Mr. Linn contended that he had nothing to do with the fire and that the Sturlins and Mr. Kerns committed the arson. Of course, Defendants also posited that each had nothing to do with the fire and that it was either accidental or due to an unknown arsonist. These defenses simply are not so contradictory that the jury must have necessarily disbelieved one to believe another. The jury could have believed all of Defendants' theories and acquitted all of them, but, unfortunately for Defendants, did not.

31 F.3d at 992.

### Bruton

■ Both defendants apparently made incriminating post-arrest statements. In the defendant's written motion, she asserts without meaningful elaboration that a *Bruton* problem exists. In *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that a defendant is deprived of his rights under the Confrontation Clause when his codefendant's confession, which incriminates both defendants, is introduced at their joint trial, even if the jury is instructed to consider that confession only against the non-testifying codefendant. *See Richardson v. Marsh,* 481 U.S. at 206, 107 S.Ct. 1702 ("[W]here two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand."). The Supreme Court has "consistently either stated or assumed that the mere fact that one accomplice's confession qualified as a statement against his penal interest did not justify its use as evidence

against another person." *Lilly v. Virginia,* —— U.S. ——, ——, 119 S.Ct. 1887, 1896, 144 L.Ed.2d 117 (1999) (*citing Gray v. Maryland,* 523 U.S. 185, 194–195, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998) (stating that because the use of an accomplice's confession "creates a special, and vital, need for cross-examination," a prosecutor desiring to offer such evidence must comply with *Bruton,* hold separate trials, use separate juries, or abandon the use of the confession)).

■ " '[F]or *Bruton* to apply, a codefendant's statement must be clearly inculpatory standing alone.' " *United States v. Arias,* 984 F.2d 1139, 1142 (11th Cir.) (*quoting United States v. Satterfield,* 743 F.2d 827, 849 (11th Cir.), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985)), *cert. denied,* 508 U.S. 979, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993); *see United States v. Glass,* 128 F.3d 1398, 1402–04 (10th Cir.1997) (*distinguishing Arias* ;) *United States v. Hill,* 901 F.2d 880, 884 (10th Cir.1990) (*Bruton* applies only to " 'clearly inculpatory' comments that are 'vitally important to the government's case.' ") (*quoting United States v. Espinosa,* 771 F.2d 1382, 1399 (10th Cir.), *cert. denied,* 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985)). Thus, there is not a *Bruton* problem when "the statement 'was not incriminating on its face, and became so only when linked with evidence introduced later at trial' " *United States v. Brazel,* 102 F.3d 1120, 1140 (11th Cir.) (*quoting Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)), *cert. denied,* —— U.S. ——, 118 S.Ct. 79, 139 L.Ed.2d 37 (1997).

■ "*Bruton,* ..., does not hold that defendants in joint trials involving *Bruton* problems are entitled to separate trial." *United States v. Hill,* 901 F.2d at 883. *Bruton* problems are avoided, however, by severance, but severance is not required. *Id., see United States v. Ridley,* 814 F.Supp. 992, 1000–1001 (D.Kan.1993) (severance not compelled when confronted with a potential *Bruton* problem). "Severance is required 'only where admission of the statement in its edited form distorts the meaning of the statement or excludes information substantially exculpatory of the declarant.' " *U.S. v. Comeaux,* 955 F.2d 586, 590 (8th Cir.) (*quoting*

*U.S. v. Long,* 900 F.2d 1270, 1279 (8th Cir. 1990)), *cert. denied,* 506 U.S. 845, 113 S.Ct. 135, 121 L.Ed.2d 89 (1992).

In *Gray,* the Supreme Court recently held that "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration ... leave statements that, considered as a class, so closely resemble *Bruton's* unredacted statements that, in our view, the law must require the same result." 118 S.Ct. at 1155. *See United States v. Verduzco–Martinez,* 186 F.3d 1208 (10th Cir.1999) ("We hold that where a defendant's name is replaced with a neutral pronoun or phrase there is no *Bruton* violation, providing that the incrimination of the defendant is only by reference to evidence other than the redacted statement and a limiting instruction is given to the jury. Where, however, it is obvious from consideration of the confession as a whole that the redacted term was a reference to the defendant, then admission of the confession violates Bruton, regardless of whether the redaction was accomplished by use of a neutral pronoun or otherwise."). In short, if an irreconcilable *Bruton* problem exists, the government will not be permitted to introduce a codefendant's statements at trial.

■ As neither defendant has identified which statements the other codefendant has made that, if introduced into evidence, are potentially violative of his or her own confrontation clause rights, it is impossible for the court to evaluate the merits of this claim. In its response brief, the government did not expressly address the defendant's *Bruton* concerns. However, during oral argument, the government indicated that although each defendant has made post-arrest incriminating statements, it did not believe that any of the statements posed a *Bruton* problem.

Because the defendants have not demonstrated that an actual *Bruton* problem exists, the court denies the request for a severance on this basis.

**Exculpatory Statements of Codefendant**

■ The defendant also argues that if there was a severance then each could be called to testify for the other. The Supreme

Court recognized in *Zafiro* that "a defendant might suffer prejudice [from a joint trial] if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." 506 U.S. at 506–539, 113 S.Ct. at 113–938, 122 L.Ed.2d at 325. A motion to sever based on the need for a codefendant's testimony triggers consideration of the following factors: "the likelihood that the co-defendant would testify; the significance of the testimony, the exculpatory nature of the testimony; the likelihood that the testimony would be impeached; the prejudice caused by the lack of the testimony; the effect of a severance on judicial administration and economy; and timeliness of the motion." *United States v. Scott,* 37 F.3d 1564, 1579 (10th Cir.1994) (citation omitted), *cert. denied,* 513 U.S. 1100, 115 S.Ct. 773, 130 L.Ed.2d 669 (1995). These factors are weighed keeping in mind that " '[s]everance is a matter of discretion, not of right, and the defendant bears a heavy burden of demonstrating prejudice to his case.' " *United States v. Rogers,* 925 F.2d 1285, 1287 (10th Cir.) (*quoting United States v. Mabry,* 809 F.2d 671, 682 (10th Cir.), *cert. denied,* 484 U.S. 874, 108 S.Ct. 33, 98 L.Ed.2d 164 (1987)), *cert. denied,* 501 U.S. 1211, 111 S.Ct. 2812, 115 L.Ed.2d 985 (1991).

 The defendant has not made any meaningful attempt to evaluate the need for severance under these factors. Consequently, the defendant has failed to demonstrate that severance is appropriate. The defendant presents nothing substantiating that the co-defendant would testify on her behalf or that the expected testimony would be helpful or exculpatory. The bare allegation that a co-defendant will testify is not enough. *United States v. Neal,* 27 F.3d 1035, 1047 (5th Cir.1994), *cert. denied,* 513 U.S. 1179, 115 S.Ct. 1165, 130 L.Ed.2d 1120 (1995); *United States v. Espinosa,* 771 F.2d 1382, 1408 (10th Cir.), *cert. denied,* 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985). "A defendant cannot establish the willingness of a co-defendant to testify on his behalf if the codefendant's offer is 'further conditioned on the codefendant's case being tried first.' " *Espinosa,* 771 F.2d at 1408 (*quoting United States v. Parodi,* 703 F.2d 768, 779 (4th

Cir.1983)). The defendant simply fails to show an unconditional commitment from the codefendant, prior to trial, to testify on behalf of the other codefendant. *See United States v. Rogers,* 925 F.2d at 1287. The first and last factors are not satisfied. *See United States v. Jackson,* 876 F.Supp. 1188, 1205 (D.Kan.1994), *aff'd,* 76 F.3d 1145 (10th Cir. 1996).

## Summary

In this case, the defendants have not demonstrated that severance is appropriate. Neither of the defendant's claims of prejudicial joinder are described with any factual precision. Nothing presented to the court demonstrates that either defendant will be prejudiced in a manner that cannot be addressed by appropriate instructions to the jury. The defendants' motion for severance is denied.

*Discovery Motions:* **Renewed Motion to Compel Discovery Regarding Informant(s) (Dk.27); Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, Financial Compensation, Preferential Treatment and Prior Convictions (Dk.42); Memorandum in Support of Defendant Cheryl Walters Motion For Discovery (Dk.41); Motion of Defendant Cheryl Walters for Discovery (Dk.40).**

The defendants have filed a plethora of discovery motions, arguing that the government has not voluntarily provided all of the discoverable information in its possession. In response, the government acknowledges that it has provided all but two categories of discoverable evidence to the defendants: (1) reports and information relating to the homicide of Calvin Neu, an accomplice and witness regarding the manufacturing of methamphetamine and trafficking of Billy Hill and others, which until recently, was an on-going investigation and (2) information which would lead to the identification of, and therefore to a potential risk of harm to those witnesses. Because the "Neu" investigation is now complete, the government indicates that it will soon provide the defendants with that information. The government agrees to provide the "remaining information in its possession"

seven days in advance of the beginning of trial.

During oral argument, the court questioned the government extensively about its plans for providing the defendants with discovery. The government explained that it is currently assembling information collected during the Neu homicide investigation and would provide the defendants with that information no later than Friday, July 30, 1999. Information pertaining to cooperating witnesses—copies or descriptions of their statements, their relevant criminal record and disclosure of any agreements between the witness and the government—will be disclosed to the defendants seven days before trial.

Based upon the government's proffer, as well as this court's own familiarity with this case, disclosure of this information seven days before trial is based on a reasonable concern for the safety of the potential witnesses. The court further finds that disclosure seven days prior to trial will provide the defendants with sufficient opportunity to prepare their respective defenses. The defendant's requests for an order requiring the government to provide discovery at an earlier date is denied.

**Notice of Demand [For Disclosure of Evidence Government Intends to offer Pursuant to Fed.R.Evid. 404(b) and 609] (Dk.39); Motion Pursuant to Fed.R.Evid. 803(24) (Dk.34); Motion for Disclosure [or Rule 404(b) Evidence] by Government (Dk.17).**

The defendants seek disclosure of evidence the government may seek to introduce at trial under Fed.R.Evid. 404(b) (prior bad acts), Fed.R.Evid. 609 (impeachment by prior conviction) and Fed.R.Evid. 803(24).[4]

The government indicates that it presently does not know of any such evidence it might offer but agrees to voluntarily disclose such evidence if it does become available.

In light of the government's response, the court directs the government to comply with its representation.

**Motion to Join in Trial Objections of Co-defendants (Dk.44); Motion to Join in Trial Objections of Co–Defendants (Dk.35).**

The defendants seek an order providing that each defendant may simply join in any evidentiary objection during trial advanced by the other defendant without the necessity of so stating on the record. Although some courts apparently deem it appropriate to allow defendants to automatically join in the objections of their codefendants, *see Loose v. Offshore Navigation, Inc.,* 670 F.2d 493, 497 (5th Cir.1982) ("[W]hen one party objects and thereby brings the issue to the court's attention, further objections by co-parties are unnecessary. (citations omitted) Indeed, it would seem both dilatory and fatuous for each of the parties to stand in turn and voice its 'me-too.' "), this court believes that requiring each defendant to specifically state his or her objection on the record to be the better practice. *See United States v. Hawkins,* 905 F.2d 1489, 1493 n. 1 (11th Cir. 1990), *cert. denied,* 498 U.S. 1038, 111 S.Ct. 707, 112 L.Ed.2d 696 (1991). This court has rejected similar requests in the past. *See, e.g., United States v. Preston,* 1996 WL 254379, at *24 (D.Kan. April 5, 1996). This court believes that requiring each party to state its objection on the record serves several laudable purposes. Fed. R.Evid. 103(a)(1) requires a defendant to specifically and timely object at trial to the admission of evidence.

> Rule 103 promotes finality and economy in litigation by forcing parties to object in the trial court or risk being foreclosed from raising the error on appeal. Calling error to the attention of the trial court gives the court an opportunity for correction, which may obviate the need for further proceedings at the appellate level.

Jack B. Weinstein, et al, *Weinstein's Evidence* ¶ 103.02[2] at 103–9 (1999). Requiring each defendant to voice his or her own objection enables the court to give more careful consideration to the specific objection made

---

4. In 1997, Fed.R.Evid. 803(24) was transferred to Fed.R.Evid. 807. *See Advisory Committee Notes, 1997 Amendments* ("The contents of Rule 803(24) and Rule 804(b)(5) have been combined and transferred to a new Rule 807. This was done to facilitate additions to Rules 803 and 804. No change in meaning is intended.").

and to consider how that ruling impacts on each party, rather than simply speculate about the precise basis of each defendant's objection or even whether each defendant desires to join in that objection. Requiring each defendant to state his or her own objection at trial also insures a clear appellate record. In the exercise of its discretion, this motion is denied.

### Motion For Defense Attorney Conference Room (Dk.37).

The defendants request an order from the court providing defense counsel in this case with a room in the courthouse where, during the trial, counsel can meet for joint conferences, interview witnesses and otherwise prepare for trial. The court grants this motion as uncontested and will make appropriate arrangements for a room to be available to counsel during trial.

### Motion for Additional and Separate Peremptory Challenges and Memorandum in Support (Dk.36).

Cheryl Walters requests three peremptory challenges for her to exercise separately from the other ten peremptory challenges which she and her husband will exercise jointly. Because Ms. Walters believes the defenses pursued by her and her husband "may be conflicting, contradictory or mutually exclusive or antagonistic," she concludes there is a possibility that a potential juror will be suitable for her but not for her husband. She believes this situation can be alleviated, if not remedied, by giving each defendant three additional separate peremptory challenges for a total of sixteen challenges. The government opposes this request arguing the defendant advances no sound for reason for having additional challenges.

 Rule 24(b) of the Federal Rules of Criminal Procedure provides in pertinent part:

If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges.... If there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly.

The Tenth Circuit has held that under Rule 24(b), "'when several defendants are indicted and tried together, they have a right to no more challenges than a single defendant.'" *United States v. Espinosa,* 771 F.2d at 1406 (*quoting United States v. Stidham,* 459 F.2d 297, 299 (10th Cir.), *cert. denied,* 409 U.S. 868, 93 S.Ct. 168, 34 L.Ed.2d 118 (1972)); *see United States v. Hueftle,* 687 F.2d 1305, 1309 (10th Cir.1982) ("Multiple defendants have no right to more peremptory challenges than given them by the rule, even when they disagree on how to exercise them, as long as they are given trial by an impartial jury.").[5] Thus, the trial court has no obligation to provide additional challenges, *United States v. Magana,* 118 F.3d 1173, 1206 (7th Cir. 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1104, 140 L.Ed.2d 158 (1998), and its decision whether to allow additional peremptory challenges is committed to its sound discretion, *Magana,* 118 F.3d at 1206; *Espinosa,* 771 F.2d at 1406.

 The defendant's vague reasons for wanting additional challenges are not persuasive to the court. The difficulty of two attorneys agreeing on peremptory challenges is not a compelling ground by itself to warrant additional challenges. *See Magana,* 118 F.3d at 1206. The court does not believe the circumstances of this case show defendants' right to a fair trial will be jeopardized by their joint exercise of peremptory challenges. The defendant's request is denied.

---

5. "A court apparently lacks authority to grant the government additional peremptory challenges in multi-defendant cases, and at least one court has held that a district court lacks authority to add to the government's six allotted peremptory challenges unless defendants consent." *See United States v. Bruno,* 873 F.2d 555, 560–61 (2d Cir.), *cert. denied,* 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 86 (1989). *United States v. Anderson,* 39 F.3d 331, 344 n. 8 (D.C.Cir.1994), *modified on other grounds,* 59 F.3d 1323 (D.C.Cir.1995) (en banc), *cert. denied,* 516 U.S. 999, 116 S.Ct. 542, 133 L.Ed.2d 445 (1995). *See United States v. Ailsworth,* 1996 WL 413590, at *1–2 (D.Kan. 1996).

IT IS THEREFORE ORDERED THAT the Jay Dee Walters' Motion for Disclosure [of Rule 404(b) Evidence] by Government (Dk.17) is denied as moot.

IT IS FURTHER ORDERED that Jay Dee Walters' Renewed Motion to Compel Discovery Regarding Informant(s) (Dk.27) is denied in part as moot and denied to the extent that the defendant seeks disclosure prior to seven days before trial.

IT IS FURTHER ORDERED that Jay Dee Walters' Motion Adopting Other Co-defendant's Pretrial Motions (Dk.45) is granted as set forth in the body of this opinion.

IT IS FURTHER ORDERED that Jay Dee Walters' Motion to Join in Trial Objections of Co-defendants (Dk.44) is denied.

IT IS FURTHER ORDERED that Jay Dee Walters' Motion Adopting Co–Defendant Cheryl Walter's Motion to Bifurcate Forfeiture Proceedings (Dk.54) is granted.

IT IS FURTHER ORDERED that Cheryl Walters' Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, Financial Compensation, Preferential Treatment and Prior Convictions (Dk.42) is denied in part as moot and denied to the extent that the defendant seeks disclosure of information pertaining to cooperating witnesses prior to seven days before trial.

IT IS FURTHER ORDERED that Motion of Defendant Cheryl Walters for Discovery (Dk.40) is denied in part as moot and denied to the extent that the defendant seeks disclosure of information pertaining to cooperating witnesses prior to seven days before trial.

IT IS FURTHER ORDERED that Cheryl Walters' Notice of Demand (Dk.39) is denied as moot.

IT IS FURTHER ORDER that Cheryl Walters' Motion to Reserve the Right to File Renewed Motion for Relief From Prejudicial Joinder or Misjoinder Until Defendant's Motion for a Bill of Particulars is Ruled On (Dk.38) is denied.

IT IS FURTHER ORDERED that Cheryl Walters' Motion For Defense Attorney Conference Room (Dk.37) is granted.

IT IS FURTHER ORDERED that Cheryl Walters' Motion for Additional and Separate Peremptory Challenges and Memorandum in Support (Dk.36) is denied.

IT IS FURTHER ORDERED that Cheryl Walters' Motion to Join in Trial Objections of Co–Defendants (Dk.35) is denied.

IT IS FURTHER ORDERED that Cheryl Walters' Motion Pursuant to Fed.R.Evid. 803(24) (Dk.34) is denied as moot.

IT IS FURTHER ORDERED that Cheryl Walters' Motion for Bill of Particulars (Dk.33) is denied.

IT IS FURTHER ORDERED that Cheryl Walters' Motion Adopting Other Co–Defendants Pretrial Motions (Dk.31) is granted as set forth in the body of this opinion.

IT IS FURTHER ORDERED that Cheryl Walters' Motion to Bifurcate Forfeiture Proceedings (Dk.53) is granted.

IT IS FURTHER ORDERED that Cheryl Walters' Motion for Severance (Dk.32) is denied.