[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Tarus Kenney, the petitioner in this habeas corpus action, alleges that a trial court ruling deprived him of the effective assistance of counsel. For the reasons briefly stated below, the petition must be denied.
Many of the relevant facts are set forth in the Appellate Court decision affirming Kenney's criminal conviction on direct appeal. State v. Kenney, 53 Conn. App. 305, 730 A.2d 119, cert. denied, 249 Conn. 930,733 A.2d 851 (1999). Some additional facts are established by the evidence submitted to this court.
Kenney was arrested on numerous narcotics charges on May 3, 1996. He was represented by a public defender at the time of arraignment but a few weeks later he retained private counsel. His attorney was William Paetzold, an experienced criminal lawyer. During jury selection, however, Kenney, following an appropriate canvass, discharged his attorney and elected to proceed pro se. He was subsequently convicted.
One of the issues Kenney presented to the Appellate Court on direct appeal was "whether the [trial] court deprived Mr. Kenney of the right effectively to prepare for trial and consult with his counsel about whether to plead guilty by limiting Mr. Kenney's access to essential facts necessary for his defense." Brief of Defendant-Appellant at ii. The Appellate Court dealt with this issue as follows:
 The defendant's final claims are that the trial court improperly prevented him from effectively preparing for trial and deprived him of his right to prepare and present a defense. We disagree.
 The following facts are necessary for our resolution of these claims. At the time of his arrest on May 3, 1996, the defendant's arrest warrant was sealed. On July 8, 1996, the trial court, Scheinblum, J.,
unsealed the arrest warrant as to the defendant's trial counsel only. On September 30, 1996, the trial court, Iannotti, J., conducted a hearing on the defendant's motion to unseal the arrest and search and CT Page 5205 seizure warrants as to him, individually. The defendant's counsel argued that the defendant needed to know the names and addresses of the state's lay witnesses and confidential informants in order to assist in his defense. The state objected on the ground that the disclosure would put the witnesses and informants in jeopardy of physical harm and moved for a protective order. The trial court held an in camera hearing on the motion for protective order and ruled that the identities of the lay witnesses and confidential informants be disclosed to defense counsel thirty days before trial and to the defendant at the time of trial.
 On January 10, 1997, the defendant filed a request for a speedy trial, which the trial court granted and informed the defendant that prior to the commencement of trial, the court would permit the defendant to withdraw the speedy trial request so he could have the entire thirty days, pursuant to the protective order, in which to prepare for trial. On February 4, 1997, the defendant moved to discharge his trial counsel and proceed pro se. The trial court denied the motion and defense counsel moved for a competency hearing, where the trial court determined the defendant was competent. After the defendant again moved to proceed pro se, the trial court granted the motion and warned the defendant that he would be held to the same standards as an attorney. The trial court also appointed standby counsel for the defendant. The defendant acknowledged that the state had made full disclosure of the information he had requested and he obtained his former counsel's complete file.
 On February 7, 1997, the trial court denied the defendant's motion to dismiss in which he alleged that he was denied due process when he proceeded as his own counsel because he was not given thirty days to review the warrants as his trial counsel had been given. The trial court explained to the defendant that his proceeding with his speedy trial motion was the cause of his not having the thirty day opportunity to review the warrants.
 At his sentencing hearing, the defendant complained that he was deprived of effective assistance of CT Page 5206 counsel when he was permitted to proceed pro se and that the trial court abused its discretion by failing to require the state to disclose the names of the lay witnesses and confidential informant. These claims are the cornerstone of the defendant's appeal. They are, however, without merit. The deficiencies are of the defendant's own making. He rejected the assistance of counsel and undertook his own defense while pressing for a speedy trial. The defendant is the master of his fate and cannot now complain that he was denied the effective assistance of counsel and that he was denied a fair trial. See State v. Varszegi, 36 Conn. App. 680, 682-85, 653 A.2d 201 (1995), aff'd, 236 Conn. 266, 673 A.2d 90 (1996).
State v. Kenney, supra, 53 Conn. App. at 325-27.
Kenney filed the present habeas action on April 8, 1998, while his direct appeal was still pending. His amended petition alleges, in relevant part, that:
 14. As a result of the trial court's ruling, denying the Petitioner's motion to unseal the arrest and search and seizure warrants and granting the State's Motion for Protective Order, Petitioner's counsel was rendered ineffective in his ability to assist and adequately represent the Petitioner.
 15. In view of the court's order denying the motion to unseal and granting the Motion for Protective Order, Petitioner's counsel was unable to discuss the State's witnesses with the Petitioner in preparation for trial. An order allowing disclosure of this information by counsel to Petitioner "at the time of trial" left the Petitioner and his counsel without the ability to fully discuss the merits of the State's case and possible trial strategies.
 16. The Petitioner was prejudiced by the foregoing ineffective assistance of counsel caused by the trial court's ruling.
The amended petition, just quoted, sounds very much like Kenney's already failed claim in his direct appeal. The evidentiary hearing, held on March 8, 2001, broke little new ground. (The case was argued, following posttrial briefing, on April 16, 2001). CT Page 5207
The only witnesses were Kenney and his former counsel, Attorney Paetzold. (A number of documents from the earlier criminal case were also admitted into evidence.) Paetzold's testimony, while credible, was unhelpful to Kenney. Paetzold explained that his initial strategy in the case had been to cast doubt on the credibility of the confidential informants. It turned out, however, that there were three such informants in Kenney's case, and in Paetzold's quite accurate judgment casting doubt on three informants is considerably more difficult than casting doubt on one or even two. Paetzold did not suggest any actual evidence concerning these informants that he could have obtained had he known their identities sooner rather than later. In a letter to Kenney dated February 3, 1997, Paetzold advised his then-client to accept a deal proposed by Graham, J. of an 11-year sentence, with the defense reserving the right to argue down to an 8-year sentence. The deal would remain available until February 5, 1997. Paetzold credibly testified that Kenney refused to even talk to him about this deal and that it was the February 3, 1997 letter that had prompted his discharge.
Paetzold was discharged on February 4, 1997, after which time Kenney represented himself. Kenney thus had at least twenty-four hours, under circumstances in which he represented himself, to consider the proposed plea deal. He at no time during that period exhibited the slightest interest in accepting the deal.
Kenney testified that if he had received the information concerning the informants at an earlier date, he would have accepted the court's offer and pleaded guilty. This testimony was not credible. The credible evidence firmly establishes that Kenney had no interest in pleading guilty and would not have accepted the court's offer under any circumstances.
Under these circumstances, Kenney has no viable claim in this proceeding. He cannot complain of the trial court's ruling denying his motion to unseal the arrest and search and seizure warrants and granting the State's Motion for Protective Order because those very rulings have been affirmed by the Appellate Court in his direct appeal. In any event, there is nothing in the evidence before this court to suggest that the Appellate Court's ruling erred in any respect. He cannot complain that Paetzold was ineffective in his assistance, during the time of that assistance, because he has shown neither that Paetzold's performance was deficient nor that Paetzold's allegedly deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The credible evidence establishes that Kenney had no defense to prejudice. Even Kenney now admits that he should have pleaded guilty. Finally, Kenney cannot complain that he was ineffective while representing CT Page 5208 himself. It is well established that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of `effective assistance of counsel.'" Faretta v.Calfornia, 422 U.S. 806, 835 n. 46 (1975). See United States v. Bailey,952 F.2d 363, 366-67 (10th Cir. 1991); United States v. Smith,907 F.2d 42, 45 (6th Cir. 1990).
The petition is denied.
Jon C. Blue Judge of the Superior Court