**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael LEVINE, Defendant–Appellant.**

**No. 91–1392.**

United States Court of Appeals,
Tenth Circuit.

Dec. 21, 1992.

Thomas M. O'Rourke, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., with him on the brief), Denver, CO, for plaintiff-appellee.

David A. Lane, Denver, CO, for defendant-appellant.

Before BALDOCK and KELLY, Circuit Judges and CAUTHRON, District Judge.[†]

PAUL KELLY, Circuit Judge.

Defendant-appellant Michael Levine appeals from his conviction on fifty-six counts of mail fraud, in violation of 18 U.S.C. § 1341. Defendant argues that the district court erred in (1) denying his motion for a bill of particulars, (2) denying his motion for a severance of counts, and (3) increasing his offense level under the Sentencing Guidelines. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

† The Honorable Robin J. Cauthron, United States District Judge for the Western District of Okla-

*Background*

Defendant operated a chemical-supply business in Colorado, primarily selling cleaning supplies and water treatment products to municipal governments in several states. Business was transacted through local government purchasing agents. Defendant began bribing the purchasing agents to place orders, first with gifts, and later with cash in the amount of ten percent of the order placed. In 1985, defendant developed a more elaborate scheme whereby kickbacks were paid to the purchasing agents in exchange for accepting "fake" products (such as colored water) or for paying phony invoices for orders which were never delivered. The proceeds from the scheme were divided equally between Mr. Levine, his salespersons and the government purchasing agents. Defendant fraudulently invoiced various governmental entities on at least fifty-six occasions between 1985 and 1988.

*Discussion*

I. Bill of Particulars

■ Defendant first contends that the district court erred in denying his motion for a bill of particulars, because he did not receive sufficient information to defend himself. He argues that the government accused him of supplying "false" products, without defining what constitutes "real" products.

The denial of a motion for a bill of particulars is left to the district court's discretion. *United States v. Sturmoski,* 971 F.2d 452, 460 (10th Cir.1992). The denial will not be disturbed unless defendant shows "that he was 'actually surprised at trial and thereby incurred prejudice to his substantial rights.'" *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988) (quoting *United States v. Cole,* 755 F.2d 748, 760 (11th Cir.1985)). " 'The purpose of a bill of particulars is to inform the defendant of the charge against him with suffi-

homa, sitting by designation.

cient precision to allow him to prepare his defense....' " *Dunn,* 841 F.2d at 1029 (quoting *Cole,* 755 F.2d at 760).

The indictment described Mr. Levine's scheme in detail, setting forth all of the instances of mail fraud. Mr. Levine also had access to the government's file prior to trial. A bill of particulars is not necessary if "the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." *Dunn,* 841 F.2d at 1030 (citing *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir.1981) *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982)). "Since the defendant is 'not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case,' the district court [does] not abuse its discretion in denying defendant's motion for a bill of particulars" where defendant has been served with a sufficient indictment. *Id.* (quoting *United States v. Giese,* 597 F.2d 1170, 1181 (9th Cir.) *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979)). Given the full disclosure here, the district court's denial was appropriate, and certainly not an abuse of discretion. *See Sturmoski,* 971 F.2d at 460.

## II. Prejudicial Joinder

■ Defendant next argues that the district court erred in denying his motion to sever the mail fraud counts from the bank fraud counts included in the indictment. Defendant contends that joinder was improper under Fed.R.Crim.P. 8(a), or, alternatively, that the trial court abused its discretion in denying severance under Fed.R.Crim.P. 14. Although the bank fraud charges were dismissed by the trial court at the close of the government's case, the jury heard testimony as to both.

Improper joinder under Rule 8 is a question of law which we review *de novo. United States v. Hollis,* 971 F.2d 1441, 1456 (10th Cir.1992). Rule 8(a) permits joinder of several offenses against a single defendant "if the offenses charged ... are of the same or similar character." *Id.;* I Charles A. Wright, *Federal Practice and Procedure,* § 143 (2nd ed. 1982). We have previously held that joinder of bank fraud and mail fraud charges is proper where both charges result from attempting to defraud victims through the submission of falsified documents. *Hollis,* 971 F.2d at 1456. The alleged offenses of bank fraud and mail fraud were of the "same or similar character." *Id.* The indictment alleged that Mr. Levine attempted to defraud the governmental entities with falsified receipts, and attempted to defraud his bank through falsified loan documentation. Furthermore, both classes of fraud arose out of the operation of his business. The joinder was not improper.

■ However, "even in the absence of a misjoinder under Rule 8(a), the court may order the separate trials of counts '[i]f it appears that a defendant ... is prejudiced by a joinder of offenses.' " *Hollis,* 971 F.2d at 1456 (quoting Fed.R.Crim.P. 14). Severance is left to the trial court's discretion, and the defendant bears a heavy burden in showing abuse of discretion in this context. *Hollis,* 971 F.2d at 1456. " 'Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' ... is sufficient to warrant severance.' " *United States v. Bailey,* 952 F.2d 363, 365 (10th Cir.1991) (quoting *United States v. Cardall,* 885 F.2d 656, 667–68 (10th Cir.1989)). Defendant contends that selling fake chemicals and lying to a bank are not "the same or similar" charges and that prejudice resulted. We disagree. Both charges stemmed from the alleged defrauding of victims through false documents, related to the operation of his business.

■ Defendant further argues that it is difficult to show prejudice because local rules forbid post-trial juror interviews. Even where misjoinder exists, it is considered harmless unless it had a "substantial and injurious effect" on the jury verdict. *United States v. Lane,* 474 U.S. 438, 449, 106 S.Ct. 725, 732, 88 L.Ed.2d 814 (1986). Where there is overwhelming evidence of guilt, misjoinder may be harmless. *Id.* We find that the magnitude of evidence

supporting the fifty-six counts on which he was convicted is sufficient to render harmless any possible prejudice resulting from the evidence presented on the two counts which were dismissed.

### III. Sentence Enhancement

■ Finally, Mr. Levine contests the district court's four point enhancement under the Sentencing Guidelines for being an organizer or leader of more than five people. *See* U.S.S.G. § 3B1.1(a). Defendant argues that the court erred in counting legitimate employees as criminal accomplices, and that each act of fraud should be considered separately as between two or three persons. The government counters that defendant, as the head of the company, organized some seventeen people who knowingly engaged in the fraudulent activity, and that the scheme should be considered in its entirety.

■ We will not disturb the district court's findings under § 3B1.1 unless clearly erroneous. *United States v. Bernaugh*, 969 F.2d 858, 862 (10th Cir.1992). To find that a defendant was an organizer or leader under § 3B1.1, we consider defendant's recruitment of accomplices, control over accomplices, organizing the enterprise and exercising decision-making authority. *Id.; United States v. Litchfield*, 959 F.2d 1514, 1522 (10th Cir.1992). The district court found that defendant ran the business and solicited the participation of over five employees and purchasing agents in the scheme, noting that "clearly Mr. Levine was their leader." VIII R. 522. A participant "is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n. 1). The defendant is included among the participants. *United States v. Reid*, 911 F.2d 1456, 1464 (10th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991). The evidence shows that four of defendant's salesmen pled guilty to similar charges, and that Mr. Levine recruited them and instructed them in the scheme. That alone is sufficient to satisfy § 3B1.1(a). Furthermore, four of the municipal purchasing agents also pled guilty to mail fraud or bribery charges as a result of being drawn into the scheme by Mr. Levine. There may have been other employees, such as secretaries and warehouse workers, who were not criminally responsible, but we do not need to include them to satisfy § 3B1.1(a). The district court's findings are not clearly erroneous.

AFFIRMED.