**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jimmy Carol HAMLIN, Defendant–**
**Appellant.**

**No. 92–7060.**

United States Court of Appeals,
Tenth Circuit.

Feb. 17, 1993.

John Raley, U.S. Atty., and Dennis A. Fries, Asst. U.S. Atty., Muskogee, OK, for plaintiff-appellee.

Gerald R. Miller of Jones & Miller, a Professional Corp., Muskogee, OK, for defendant-appellant.

Before ANDERSON and EBEL, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

The parties to this appeal have indicated that oral argument is not desired. After examining the briefs and the appellate record, this three-judge panel has determined that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

In an 8–count indictment filed in the United States District Court for the Eastern District of Oklahoma, Jimmy Carol Hamlin, the appellant, and his co-defendants, Owen K. Brantley and Heather Elizabeth Calvin, were charged with various drug related offenses.

In count 1, all three defendants were charged with conspiring to commit described drug offenses against the United States, in violation of 21 U.S.C. § 846.

In count 2, all three defendants were charged with conspiring to use 2 firearms, namely a loaded Coonan Arms .357 caliber semi-automatic pistol and a loaded Charter Arms .357 caliber revolver, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 371.

In count 3, all three defendants were charged with knowingly possessing a listed precursor chemical, namely phenylacetic acid, knowing that the precursor chemical would be used to manufacture amphetamine or methamphetamine, in violation of 21 U.S.C. § 841(d)(2) and 18 U.S.C. § 2.

In count 4, all three defendants were charged with knowingly possessing phenylacetic acid with an intent to manufacture amphetamine or methamphetamine, in violation of 21 U.S.C. § 841(d)(1) and 18 U.S.C. § 2.

In count 5, Brantley and Calvin were charged with knowingly using a telephone in causing or facilitating the commission of a drug offense, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

In count 6, all three defendants were charged with knowingly attempting to manufacture 70 pounds of amphetamine or methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

In count 7, all three defendants were charged with knowingly carrying a loaded Coonan Arms .357 calibre semi-automatic pistol and a loaded Charter Arms .357 caliber revolver during and in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1) and (2) and 18 U.S.C. § 2.

In count 8, Hamlin was charged with the possession of a Coonan Arms .357 semi-automatic pistol after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

A jury convicted Hamlin on counts 1, 2, 7 and 8, and acquitted him on counts 3, 4, and 6. Hamlin was sentenced to 108 months imprisonment on counts 1 and 8, and 60 months on count 2, these sentences to be served concurrently. He was also sentenced to 60 months imprisonment on

count 7, that sentence to be served consecutively to the other sentences.

Hamlin appeals his various convictions and the sentences imposed thereon, urging but one matter for reversal, namely that the evidence is insufficient to support his conviction on any of the four counts. We find the evidence to be sufficient, and therefore affirm.

The government's evidence established, *prima facie*, a conspiracy on the part of Hamlin's co-defendants, Brantley and Calvin, to buy a precursor chemical, namely phenylacetic acid, from one Joe Cantrell, an undercover agent of the Oklahoma Bureau of Narcotics and Dangerous Drugs. The date for delivery of 110 pounds of the acid to Brantley and Calvin, in return for $15,000, was set for December 6, 1991, at the Fina Truck Stop in Savanna, Oklahoma. Shortly prior thereto, Brantley advised Joe Cantrell by telephone that he was bringing another individual named "Jim" to the scene of the delivery, stating that Jim knew "more about" the acid than he, and described Jim as the "cook."

On December 6, 1991, Hamlin, Brantley and Calvin arrived at the Fina Truck Stop. Calvin drove the vehicle, with Brantley seated in the front seat and Hamlin seated in the rear. At that time and place, Brantley gave Joe Cantrell $13,000, agreeing to pay the balance with a portion of the amphetamine made from the acid. Hamlin, identifying himself as "Jim" to Cantrell, viewed the barrel containing the acid, but said the barrel didn't need to be opened, since "it smelled good." Hamlin and Brantley, with Cantrell's assistance, then transferred the barrel from Cantrell's vehicle to the trunk of Calvin's vehicle. At this point, the authorities moved in and arrests were made.

A search of the Calvin vehicle disclosed a loaded Coonan Arms .357 semi-automatic pistol laying on the floor of the back seat. Hamlin admitted ownership of that weapon. A second weapon, a loaded Charter Arms .357 caliber revolver, in a holster, was laying on the floor of the passenger's side in the front seat.

■ There cannot be much doubt concerning the sufficiency of the evidence to sustain Hamlin's conviction on count 8. That count charged him with possessing a firearm after having been convicted of a felony. The evidence indicated that Hamlin indeed had a prior felony drug conviction and, as stated, he admitted ownership of the weapon found on the floor of the back seat. That is sufficient evidence to support his conviction on count 8.

■ In line therewith, the evidence is also amply sufficient to support Hamlin's conviction on count 7. That count charged Hamlin, and the two other defendants,[1] with carrying firearms during and in relation to a drug trafficking crime. As indicated, two weapons were found in the Calvin vehicle at the Fina Truck Stop where the acid was transferred from Cantrell's vehicle to Calvin's. Hamlin admitted to ownership and possession of one of the weapons. This, along with the evidence that Hamlin introduced himself to Agent Cantrell as the cook during this reverse buy drug operation, is sufficient evidence to support his conviction on count 7.

The real thrust of Hamlin's insufficiency argument is apparently aimed at his conviction on counts 1 and 2. In those two counts he was charged with the crime of conspiracy, and it is Hamlin's position that he was not a party to any conspiracy involving Brantley and Calvin, and that although he was admittedly present at the Fina Truck Stop on December 6, 1991, he was just "along for the ride." His actions belie such a claim.

■ "Mere presence" at the scene of a crime does not, by itself, prove involvement in an existing conspiracy, although such is a "material factor." *United States v. Esparsen*, 930 F.2d 1461, 1472 (10th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992). However, Hamlin was not just "merely present." He was a

---

1. Calvin, as a result of a plea bargain, plead guilty to count 7 and was not tried with Brantley and Hamlin.

participant. The evidence supports the finding that although Hamlin may not have been a part of the conspiracy from its inception, he certainly joined in the conspiracy at a later date and on December 6, 1991, was an integral part thereof. On that date he "inspected" the acid and helped transfer it to the Calvin vehicle. Also, Hamlin, referred to as the "cook," told Cantrell that he might need other precursor chemicals. A defendant may join a conspiracy already in existence and become criminally liable for acts committed thereafter in furtherance of the scheme, which, of course, is what Hamlin did. *United States v. Mobile Materials, Inc.*, 881 F.2d 866, 871 (10th Cir.1989), *cert. denied*, 493 U.S. 1043, 110 S.Ct. 837, 107 L.Ed.2d 833 (1990) (citing *United States v. Andrews*, 585 F.2d 961, 964 (10th Cir.1978)); *see also United States v. Pilling*, 721 F.2d 286, 293 (10th Cir.1983).

Given Hamlin's actions on December 6, 1991, there is sufficient evidence to support his convictions on counts 1 and 2.

Judgment affirmed.