1 F.3d 1245
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. ROWOLD, Defendant-Appellant.
 No. 92-2300.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.
Decided Aug. 3, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 A jury found Richard L. Rowold guilty of being a felon in possession of firearms in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). The district judge sentenced Rowold to fifteen months in prison, such term to run concurrent with a thirteen-year state court sentence that he received, followed by two years of supervised release.* Rowold's appointed counsel filed a motion to withdraw from the appeal on the ground that it was frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). We notified Rowold of his counsel's motion and his right to respond. Circuit Rule 51(a). Rowold did not respond to this court's notice. Finding no meritorious issue for appeal, we grant the motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Rowold's counsel identified several potential issues for appeal. First, counsel suggests that sections 922(g)(1) and 924(a)(2) abridge Rowold's Second Amendment right to bear arms. We previously have rejected this argument, United States v. Three Winchester 30-30 Caliber Lever Action Carbines, 504 F.2d 1288, 1290 n. 5 (7th Cir.1974), and do so again here.
 
 
 3
 Second, counsel suggests that the government failed to prove that Rowold was "in possession" of the firearms. Rowold, however, admitted that he kept the firearms in his home, and therefore knowingly "possessed" them. See, e.g., United States v. Troka, 987 F.2d 472, 473 (7th Cir.1993); United States v. Hamlin, 986 F.2d 384, 386 (10th Cir.), cert. denied, 61 U.S.L.W. 3803 (U.S. June 1, 1993) (No. 92-8329); United States v. Garcia-Cruz, 978 F.2d 537, 547 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3804 (U.S. June 1, 1993) (No. 92-8383).
 
 
 4
 Third, counsel suggests that the district judge erred during sentencing when he denied Rowold a reduction in the offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. Section 3E1.1 provides a two-level reduction for a defendant who "clearly demonstrates recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1 (1990). The district judge's decision that a defendant has not accepted responsibility under Sec. 3E1.1 is entitled to "great deference" and is reviewable only for clear error. United States v. Knorr, 942 F.2d 1217, 1223 (7th Cir.1991). In denying the adjustment, the district judge relied upon Application Note 2 which states that Sec. 3E1.1 "was not intended to apply to a defendant [like Rowold] who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. Sec. 3E1.1, Application Note 2 (1990). As Rowold's statements of acceptance of responsibility were made only after he was found guilty, we cannot say that the district judge committed clear error when he denied Rowold a two-level adjustment under Sec. 3E1.1. See, e.g., United States v. Rivero, 993 F.2d 620 (7th Cir.1993); United States v. Agrell, 965 F.2d 222, 228 (7th Cir.1992).
 
 
 5
 Fourth, counsel suggests that Rowold did not know that as a convicted felon he was not entitled to have firearms. Ignorance of Sec. 922(g), however, does not excuse its violation. See United States v. Sherbondy, 865 F.2d 996, 1001-02 (9th Cir.1988); United States v. Darcy, 861 F.2d 77, 80-81 (5th Cir.1988); United States v. Perez, 897 F.2d 751, 754 (5th Cir.), cert. denied, 498 U.S. 865 (1990).
 
 
 6
 Finally, counsel suggests that the government failed to prove that the firearms traveled in or affected interstate commerce. Special Agent John Massey testified on behalf of the government that the firearms in Rowold's possession were manufactured outside of Indiana and traveled in interstate commerce. His testimony was sufficient to support the interstate commerce element under section 922(g). See United States v. Ware, 914 F.2d 997, 1002 (7th Cir.1990); United States v. Lowe, 860 F.2d 1370 (7th Cir.), cert. denied, 490 U.S. 1005 (1989).
 
 
 7
 Because there are no nonfrivolous grounds for appeal in this case, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 To avoid ex post facto concerns, the district judge sentenced Rowold under the November 1, 1990, sentencing guidelines rather that the guidelines in effect on November 1, 1991. Whether the district judge erred in using the 1990 version is an issue we need not resolve since the government failed to raise it on appeal. See United States v. Schnell, 982 F.2d 216, 218-19 (7th Cir.1992)