**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Andrew GUEBARA, Defendant.**

**No. Crim.A. 99–10057–07.**

United States District Court,
D. Kansas.

Dec. 22, 1999.

Lanny D. Welch, Office of U.S. Attorney, Wichita, KS, for Plaintiff.

William F. Cummings, Cummings & Cummings, L.L.C., Wichita, KS, for Defendant.

### MEMORANDUM AND ORDER

BELOT, District Judge.

Before the court are the following:

1. Defendant's motion in limine (Docs. 191 and 192);

2. Defendant's motion to suppress (Docs. 193 and 194);

3. Defendant's supplemental memorandum in support of motion to suppress (Doc. 226);

4. Defendant's motion for bill of particulars (Docs. 153 and 154);

5. Defendant's motion for severance (Doc. 197);

6. Government's response to defendant's motion to suppress, in limine and for severance (Doc. 225); and

7. Government's response to defendant's motion for bill of particulars (Doc. 167).

A hearing on the motions was held on December 16, 1999. Defendant's counsel requested, and was granted, an opportunity to supplement his client's motion in limine. Thus, a ruling on that motion was deferred until after the supplement is filed. The court took defendant's motion for severance under advisement, pending a determination of the number of co-defendants who will be going to trial and the possible grounds for severance of those defendants. The court heard very short testimony of David Smith, one of the officers who participated in the warrant search, but his testimony was not particularly material to a resolution of the motions.

### Motion to Suppress

On July 22, 1997, officers executed a search warrant at 505 North 13th Street, Garden City, Kansas, defendant's residence. The search warrant was issued by Thomas F. Richardson, District Judge, Finney County, Kansas. *The warrant specifically authorized a no knock entry for the safety of officers and to prevent the destruction of evidence.* Defendant moves to suppress the items seized pursuant to the search, claiming that the "no knock" entry violated the Fourth Amendment.

■ When officers execute a search warrant issued by a state court, which later is challenged in federal court, their actions are governed by the Fourth Amendment. *United States v. Jenkins,* 175 F.3d 1208 (10th Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 263, 145 L.Ed.2d 221 (1999).[1] The requisite analysis is spelled out in *Richards v. Wisconsin,* 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997):

[I]n each case, it is the duty of a court confronted with the question to determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement.

In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or

---

1. "No-knock" search warrants are not provided for by Kansas statute. In *State v. Shively,* 26 Kan.App.2d 302, 987 P.2d 1119 (1999), the court held that the validity of "no-knock" searches will be decided on a case-by-case basis and that the state must demonstrate the existence of "exigent circumstances" to justify a "no-knock" entry. The Kansas Supreme Court has granted review of the Court of Appeals decision.

that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence. This standard—as opposed to a probable cause requirement—strikes the appropriate balance between the legitimate law enforcement concerns at issue in the execution of search warrants and the individual privacy interests affected by no-knock entries.

520 U.S. 385, 117 S.Ct. at 1421–22.[2]

■ In this case, the officers obtained a search warrant which specifically authorized a no-knock entry for officers' safety and prevention of destruction of evidence. The warrant was issued upon the application of a police officer who had obtained recent information from a reliable informant that one of the occupants of the residence, Sylvester Guebara, was in possession of, and was using cocaine on the property. Sylvester Guebara has a police record which includes carrying and possessing firearms. More significantly, the confidential informant stated that another resident, defendant Andy Guebara, had made recent statements that he wanted to kill police officers, had bragged about shooting police officers and had made

2. In *United States v. Moore*, 91 F.3d 96 (10th Cir.1996), the court held:

> Officers may indeed be excused from the usual "knock and announce" rule if exigent circumstances attended the search. However, this exception applies only when "the law enforcement officers in question held an objectively reasonable belief that an emergency situation existed." *United States v. Maden*, 64 F.3d 1505, 1509 (10th Cir.1995). The mere statement that firearms are present, standing alone, is insufficient. The government must go further and demonstrate that the presence of firearms raised a concern for the officers' safety. *Id.* at 98. In the later case of *United States v. Jenkins*, 175 F.3d 1208 (10th Cir.1999), decided after *Richards v. Wisconsin*, the circuit observed:
> > In fact, exigent circumstances such as the risk of destruction of evidence or the threat of physical violence may justify dispensing with the knock-and-announce principle all together. *See Richards*, 520 U.S. at 394, 117 S.Ct. 1416. This is not to say that the mere likelihood that drugs or weapons will

statements about having a firearm and trying to obtain another. The court-authorized "no-knock" search was more than adequately justified. No Fourth Amendment violation has been shown. Defendant's motion to suppress is denied.

### Bill of Particulars

■ Defendant is charged in Counts 1 and 2 with drug conspiracies. He requests a bill of particulars on the following topics:

1. In what city, county, state and countries allegedly did the conspiracy take place?

2. Whether the alleged objectives of the conspiracy were effectuated.

3. What role Andrew Guebara played in the alleged conspiracy?

4. The names of all known unindicted coconspirators.

5. During what time frame or frames was Andrew Guebara alleged to have participated in the conspiracy?

6. The dates, times and places specific acts of possession with the intent to distribute allegedly were committed by Andrew Guebara.

> be found in the searched premises alone will support the reasonableness of a given waiting period. *See Moore*, 91 F.3d at 98. *Id.* at 1214.

This court respectfully disagrees with the Tenth Circuit's statement that the presence of firearms, standing alone, is insufficient to justify a "no-knock" entry. The circuit's statement is predicated upon a showing that the officers held an "objectively reasonable belief" of the existence of an emergency situation. This would appear to be a higher showing than the "reasonable suspicion" standard announced by the Supreme Court in *Richards v. Wisconsin*. Nevertheless, this court is not in a position to disregard holdings of the Tenth Circuit. In this case, however, the affidavit supporting the search warrant speaks not only to the presence of weapons but to defendant's statement about wanting to kill police officers with a firearm. This court is satisfied that the affidavit sufficiently sets forth exigent circumstances justifying the state judge's decision to authorize a "no-knock" entry according to the requirements of the Supreme Court and the Tenth Circuit cases cited herein.

Counts 1 and 2 allege that the conspiracies began as early as 1994 and continued until June 1998 in Kansas and elsewhere. The indictment names fifteen alleged conspirators along with other persons both known and unknown to the grand jury. Since the filing of defendant's motion for bill of particulars, several of the coconspirators have entered pleas of guilty. The government represents that it has provided defense counsel with discovery showing defendant's arrest for cocaine in July 1997 in Garden City and the tape and transcript of his conversation on January 28, 1998 discussing cocaine. The government also represents that witnesses will testify as to defendant's participation in the conspiracy and that as cooperators come forward, additional acts on defendant's part will surface.

In *United States v. Anderson,* 31 F.Supp.2d 933 (D.Kan.1998), Judge Lungstrum wrote that the purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to: (1) enable the defendant to prepare defense; (2) avoid unfair surprise to the defendant at trial and (3) preclude a second prosecution for the same offense. He observed that the purpose of a bill of particulars is not to obtain discovery, evidentiary detail of the government's case or information regarding the government's legal theories. He pointed out that unless the bill of particular shows, on its face, that failure to grant the request will result in prejudicial surprise, preclusion of an opportunity for meaningful defense preparation for double jeopardy problems, defendant has the burden of showing that his or her request meets one of the aforesaid three criteria. Finally, Judge Lungstrum commented that the extent of the government's disclosure is a factor in determining whether a bill of particulars should be ordered. After considering defendants' request, he ordered the government to disclose the identity of any unindicted coconspirators to avoid prejudicial surprise or double jeopardy problems. He denied defendants' other bill of particulars request.

Defendant's motion for bill of particulars does not show, on its face, that failure to grant requests will result in prejudicial surprise or the preclusion of an opportunity for meaningful defense preparation. Defendant has not met his burden of showing that his request meets one or more of the three criteria. Rather, defendant's motion, fairly construed, is simply a request for most, if not all, of the government's evidence. Therefore, all of defendant's requests will be denied.[3]

Accordingly, defendant's motion for bill of particulars is denied.

IT IS SO ORDERED.

---

3. This court respectfully disagrees with Judge Lungstrum's ruling regarding disclosure of the identity of unindicted coconspirators and will not order disclosure of their identities. There is no allegation that defendant has been charged in an earlier federal case arising out of the events charged in this case. If defendant is convicted in this case, and if he is ever charged federally in another drug conspiracy case, then it might be appropriate to order disclosure of unindicted coconspirators in order to answer double jeopardy concerns. No reason exists to do so now.