UNITED STATES of America, Plaintiff,

v.

Thomas K. WELCH and David R. Johnson, Defendants.

No. 00–CR–324 S.

United States District Court,
D. Utah,
Central Division.

Jan. 12, 2001.

Richard N. Wiedis, U.S. Department of Justice Fraud Section, Salt Lake City, UT, John W. Scott, U.S. Department of Justice Public Integrity Sec., Washington, D.C., for United States.

William W. Taylor, III, Blair G. Brown, Admitted pro hac vice, Elizabeth G. Taylor, Amit P. Mehta, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, L.L.P., Washington, D.C., Michael Goldsmith, Park City, UT, for Thomas K. Welch.

Max D. Wheeler, Camille N. Johnson, Snow, Christensen & Martineau, Salt Lake City, UT, for David R. Johnson.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

Defendants, Thomas K. Welch and David R. Johnson, were indicted on various charges associated with the so called "Salt Lake City Olympic Bribery Scandel". The two defendants are the only two indictees arising from the investigation of the Salt Lake City Winter Olympic bid activity. They are charged in fifteen counts with various violations of the laws of the United States.

Count I charges a multiple offense conspiracy under 18 USC § 371. That count sets forth 29 pages of allegations and factual material including specific conduct and overt acts. The factual detail in the allegations is substantial and the various functional objects of the conspiracy are set forth in detail. Counts 2 through 5 charge the defendants with violations of the Federal Travel Act (18 USC § 1952). The details of the alleged violations are set out as to time, place and activity. Counts 6 through 10 charge violations of the federal mail fraud statutes (18 USC § 1341) by a scheme and artifice to defraud of money, property and the right to honest services in violation of 18 USC § 1341 and § 1346. The allegations of conduct as to scheme, manner, means and execution are set forth in the indictment.

Counts 11 through 15 allege a scheme or artifice to defraud constituting wire fraud under 18 USC § 1343 and § 1346. The scheme, manner, means and execution are set forth in the indictment.

On October 26, 2000 the two defendants served an 8 page motion for a bill of particulars pursuant to Rule 7(f) F.R.Cr.P. (File Entry # 29). The defendants properly submitted an accompanying memorandum in support of their motion (File Entry # 30). The Government was allowed to file a response to the motion for a bill of particulars as part of its combined response to the de-

fendants' pretrial motions (File Entry # 45, pp. 4–15). Reply memoranda were also submitted by the parties.

### *Scope of Bill of Particulars*

■ The scope of a motion for a bill of particulars is limited. The purpose of a bill of particulars is not to evaluate the prosecution's case, *United States v. Rogers,* 617 F.Supp. 1024 (D.Colo., 1985), but of a significantly more limited scope and purpose. It is to inform the defendant of "the charge" with sufficient precision to allow him to prepare a defense. *United States v. Ivy,* 83 F.3d 1266 (10th Cir., 1996); *United States v. Levine,* 983 F.2d 165, 166–67 (10th Cir., 1992); *United States v. Radetsky,* 535 F.2d 556 (10th Cir., 1976). It has as a purpose the minimization of surprise as to the substantive facts of the charges, not the evidentiary basis of the charge. See *Wong Tai v. United States,* 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Hopkins,* 716 F.2d 739, 745 (10th Cir., 1982); *United States v. Garrett,* 797 F.2d 656 (8th Cir., 1986). The whole of the indictment is to be considered as to the defendants' needs. *Hopkins; United States v. Crummer,* 151 F.2d 958, 962 (C.C.A.10, 1945). The bill of particulars can be helpful to a defendant but its essential purpose is to inform the defendant of the charge. *Ivy,* supra; *United States v. Stoner,* 98 F.3d 527, 537 (10th Cir., 1996).[1] If an indictment sets forth the "elements" of the offense charged and apprizes the defendant of the charges sufficient to enable him to prepare for trial, the court may deny a bill of particulars. *Levine,* supra; *United States v. Higgins,* 2 F.3d 1094, 1096 (10th Cir., 1993).

■ The matter of a bill of particulars is within the discretion of the court, whether to grant the bill or to allow it in any part *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Ivy,* supra, p. 1281, *Levine, supra* at 167; *United States v. Sturmoski,* 971 F.2d 452, 460 (10th Cir., 1992), *United States v. Kunzman,* 54 F.3d 1522 (10th Cir., 1995); *United States v. Wright,* 826

---

**1.** Part of the *Stoner* opinion was vacated but not the portion discussing a bill of particulars. See

139 F.3d 1343.

F.2d 938 (10th Cir., 1987); *Enlow v. United States*, 239 F.2d 887 (10th Cir., 1957); *Rubenstein v. United States*, 214 F.2d 667 (10th Cir., 1954).

▆▆▆ In exercising its discretion, the court should be especially aware of a major limitation on the use of a motion for a bill of particulars. The bill of particulars is not a discovery procedure to obtain generalized discovery information or evidence. *United States v. Warren*, 772 F.2d 827 (11th Cir., 1985); *United States v. Hester*, 917 F.2d 1083 (8th Cir., 1990); *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir., 1988); *United States v. Fletcher*, 74 F.3d 49 (4th Cir., 1996). This is an established limitation in the bill of particulars in the Tenth Circuit. *Id.* A defendant is not entitled to "notice of all evidence the Government intends to produce but only the *theory* of the Government's case." *Levine*, at p. 167; *Kunzman, Id.* p. 1522, 1526; *Ivy*, supra. The Government is not required to explain its theories of prosecution. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir., 1983). Whether the defendant has otherwise had access to evidence is a factor to be considered. *U.S. v. Kunzman*, 54 F.3d at 1526; *Levine, Sturmoski*, p. 460. Evidentiary detail is not a proper request for a bill of particulars. *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir., 1980); *Cefalu v. United States*, 234 F.2d 522, 524 (10th Cir., 1956); *United States v. Pennick*, 500 F.2d 184, 186 (10th Cir., 1974); *United States v. Countryside Farms*, 428 F.Supp. 1150 (D.Utah, 1977); see also *Rogers*, supra. In *United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir., 1985) the court said:

> Turning to the functions performed by a bill of particulars, we again find them more akin to the functions of an indictment than to discovery. While it is true, as appellant stresses, that a bill of particulars, like discovery, provides information to the defendant for use in his or her defense, the same can be said of the indictment. A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation...
>
> Rather, it is intended to give the defendant only that minimum amount of infor-

mation necessary to permit the defendant to conduct his own investigation.

In that context, in this case, the fact that the indictment is detailed is of significance. The defendants have had extensive preindictment negotiations with the Government. Over 400 boxes of discovery materials have been provided to defendants by the prosecution. *Levine*, supra. Also, the prosecution has provided some information at the court's urging during negotiation of this issue.

▆▆ Also, it is important to keep in mind a bill of particulars *is not* a part of the indictment, and cannot cure an inadequate indictment. *United States v. Francisco*, 575 F.2d 815 (10th Cir., 1978); *United States v. Neal*, 692 F.2d 1296 (10th Cir., 1982); *United States v. Pimental*, 1:00–NCR–41 K (D.Utah, 2000). In *Francisco*, the court said:

> It is well settled that a variance between the proof and the bill of particulars is not grounds for reversal unless the appellant is prejudiced. *United States v. Buzzard*, 540 F.2d 1383 (10th Cir., 1976), cert. denied, 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977). Prejudice is normally considered to be present if there is danger the accused will be prosecuted a second time for the same offense, or that he was so surprised by the proof that he was unable to prepare his defense adequately.

The court went on to note:

> .... that what defendant apparently seeks to establish is that the bill of particulars became a part of the indictment, in effect; that even if the date of receipt so narrowly stated would not generally be a required element of proof, it became such by virtue of having been specified in the bill of particulars.

The court expressly disagreed. The court said:

> .... the bill of particulars is not a part of the indictment or of the charge to the jury.

The bill of particulars cannot be used to overcome the grand jury indictment except in special circumstances. Cf. *Pimental*, supra.

Consideration of the above factors governs the defendants' motion. Defendants have

raised specific legal contentions as to the various requests for information that they have made.

### Demand For Particulars of Unnamed Persons or Entities

 The defendants have asked for the overt acts of coconspirators. This calls for evidentiary material and is not proper in a demand for a bill of particulars. *Cook v. United States*, 354 F.2d 529 (9th Cir., 1965); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir., 1993). Overt acts may in proper cases clarify an indictment and be a proper object for a bill of particulars. *United States v. Stoner, supra*, 98 F.3d at 537 (10th Cir., 1998). However, a mere general request as in this instance is a discovery request and should be DENIED. *United States v. Scott*, 37 F.3d 1564, 1583 (10th Cir., 1994). Also the conspiracy count sets forth several overt acts. It is not required to mention *all* overt acts known to the Government, nor is a bill of particulars proper for such purpose.

 The name of "others" and other information about such persons from whom SLBC/SLOC was deprived of honest services is evidentiary and calls for witness information. Equally so is the "others" to whom defendants made misrepresentations or from whom they concealed information and such information. This material will not be ordered as part of this motion for a bill of particulars. *United States v. Pennick*, supra.

 The defendants have requested the identity of known coconspirators, which are otherwise unnamed in the indictment. The concept and proof of conspiracy in this circuit requires a showing of (1) two or more persons who agreed to violate the law, (2) that the coconspirator defendant knew the essential objects of the conspiracy, (3) defendant knowingly and voluntarily became a part of it and (4) there was interdependence among the alleged conspirators *United States v. Johnson*, 12 F.3d 1540 (10th Cir., 1993); *United States v. Williamson*, 53 F.3d 1500 (10th Cir., 1995); *United States v. Ailsworth*, 138 F.3d 843 (10th Cir., 1998); *United States v. Anderson*, 189 F.3d 1201 (10th Cir.,

1999). To establish a conspiracy a conspirator need not know the identity of all other members of the conspiracy or the full extent of the conspiracy if the conspirator has a general awareness of both the scope and the objectives of the enterprise. *United States v. Eads*, 191 F.3d 1206 (10th Cir., 1999). Mere association with coconspirators does not make one a participant in a conspiracy. *United States v. Earls*, 42 F.3d 1321 (10th Cir., 1994). Conspiracy under 18 USC § 371 and other such offenses are "specific intent crimes." *United States v. Rahseparian*, 231 F.3d 1257 (10th Cir., 2000); *United States v. Blair*, 54 F.3d 639, 642 (10th Cir., 1995) (conspiracy requires the specific interest to further the unlawful activity which is the object of the conspiracy). See also *United States v. McClatchey*, 217 F.3d 823 (10th Cir., 2000). It requires the specific intent to advance the unlawful objective of the conspiracy. *United States v. Jackson*, 213 F.3d 1269 (10th Cir., 2000). Obviously, a true unindicted coconspirator would have to be shown to have met these criteria. The prosecution need not prove any coconspirator beyond the two named in the indictment, or any two persons, one being a named conspirator.

There are three ways a person could be a known unindicted coconspirator. First, by being a conspirator at the formation. Second, by joining an already formed conspiracy and meeting the before identified elements. *United States v. Hamlin*, 986 F.2d 384 (10th Cir., 1993). Third, by intentionally aiding and abetting a known conspiracy to accomplish its goals. *United States v. Galiffa*, 734 F.2d 306, 309–10 (7th Cir., 1984). *United States v. Willis*, 890 F.2d 1099, 1104 (10th Cir., 1989). Thus the standards for coconspiratorial status are restricted and narrowed by the elements of the law of conspiracy.

An examination of ¶ 19, Count I of the indictment, suggests the reference to known coconspirators does not play a significant role in the charged conspiracy. Same is true as to counts 6 through 15 charging mail and wire fraud. The Government has previously advised the court that it will not present nonhearsay declarations of coconspirators that would require meeting the standards of

Rule 801(d)(2)(E), it has reiterated that in its response to defendants' motion (p. 60). The Government opposes disclosure of known unnamed coconspirators (Gov. Response p. 9). However, this court will probably require a Rule 104(a) F.R.E. hearsay prior to trial if the Government does intend to introduce such evidence under Rule 801(d)(2).

The Government contends it is not obligated to provide information on unindicted coconspirators and relies on *United States v. Villota–Gomez,* 994 F.Supp. 1322, 1335 (D.Kan., 1998). See also *United States v. Walters,* 188 F.R.D. 591, 597 (D.Kan., 1999) but see *United States v. Anderson,* 31 F.Supp.2d 933 (D.Kan., 1998). Other case authorities are also presented in support of the Government's position. The disclosure of such persons may put them at a significant disadvantage by subjecting them to public identification and accusation, but not as parties, and with no way of defending against the allegation. That would be especially so if the persons were not going to be used as witnesses.[2]

Defendants cite judicial authority requiring such disclosure. See *United States v. Rogers,* 617 F.Supp. 1024, 1028 (D.Colo., 1985); *United States v. Nachamie,* 91 F.Supp.2d 552, 554–55 (S.D.N.Y., 2000); *United States v. Bin Laden,* 92 F.Supp.2d 225 (S.D.N.Y., 2000). Of course, the cases cited by both sides are not precedent or binding in this District. The court rejects defendants' contention, based on *Bin Laden,* that in very complex cases a bill of particulars may be ordered to provide discovery or broad information. That is inconsistent with this court's ruling *Countryside Farms,* supra, and Tenth Circuit cases recognition of the limits of a bill of particulars. It is not within the appropriate standards for traditional use of a bill of particulars under Rule 7(f) F.R.Cr.P. Such a position in the absence of a showing of the futility of other discovery methods to protect defendants' interests is unwarranted. *Bin Laden,* supra, is not particularized support for defendants' contention as a special rule. The court said the trial judge has discretion. Not all requests were granted. There were 15 defendants and 267

discrete criminal offenses and 5 district criminal conspiracies, the court also noted legitimate Government concerns and danger to a coconspirator. *Id.* n. 26 p. 240, 241. The court also referred to "an unprecedented and unique burden" on defendants. *Id.* p. 235. The *Bin Laden* case is of a different dimension.

The court notes that this Circuit has referred approvingly without discussion, to a trial court's order or the Government's disclosure of unnamed coconspirators *United States v. Mobile Materials,* 881 F.2d 866, 870 n. 2 (10th Cir., 1989) (on rehearing); *United States v. Washita Const. Co.,* 789 F.2d 809, 813 n. 4 (10th Cir., 1986). It appears that the disclosure of known unindicted coconspirators should turn on a consideration and weighing of multiple factors, see *Nachamie I,* 91 F.Supp.2d at 572–73, that may bear on substantive issues, not evidentiary matter, such as notice, avoiding substantive surprise and avoiding the possibility of problems of double jeopardy. *Ivy,* supra. The defendants' memoranda, as to their request for a bill of particulars to identify unindicted coconspirators, show their interest is informational in the evidentiary sense. Defendants have been given extensive discovery and the indictment is thorough. There is no indication of any substantive need for the identity of the unidentified coconspirators for any substantive purpose of meeting the charge or presenting a defense.

In a similar situation, in *United States v. Perkins,* 994 F.2d 1184, 1190 (6th Cir., 1993), the court made an analogy to the Supreme Court's ruling in *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) dealing with disclosure of informant identity related to the accused innocence. Some substantive relationship to guilt should be shown. This has not been done in this instance. The defendants have not met their burden of persuasion and their demand for identity of undisclosed coconspirators is DENIED at this time. See *United States v. Colson,* 662 F.2d 1389 (11th Cir., 1981); *United States v. Beasley,* 519 F.2d 233, 247 n. 11 (5th Cir., 1975); *United States v. Rich-*

---

**2.** Government has identified some witnesses and provided extensive discovery.

*ards*, 94 F.Supp.2d 304 (E.D.N.Y., 2000); *United States v. Gotti*, 784 F.Supp. 1017, 1018 (E.D.N.Y., 1992); *United States v. Guebara*, 80 F.Supp.2d 1226 (D.Kan., 1999).

### Particulars Concerning Alleged Benefits Provided to IOC Members

██ The defendants' request for names of recruited IOC members and benefits conferred is a request for evidence. So also is the date, amount, and recipient of each direct or indirect payment (¶'s 5, 6). Also, are matters requested in the defendants' motion p. 3, ¶'s 8, 9, 10, 11, 12, & 13. Therefore, the requested information is inappropriate for a bill of particulars and is **DENIED**.

### Request for Information Based on Allegations of Misrepresentation or Concealment

██ The defendants request information on particulars relating to ¶ 24 of Count I in which the allegation is made that. Welch and Johnson used various methods and devices to conceal from and misrepresent to the Salt Lake Bid Committee (SLBC) and Salt Lake Olympic Committee (SLOC) the contributors to SLBC, SLOC, the United States Olympic Committee (USOC) and International Olympic Committee (IOC), the State of Utah and United States Government, many of the *benefits conferred upon IOC members*. The indictment in subparagraphs (a)–(f) sets forth with some particularity the methods of concealment and misrepresentation. Also, in paragraphs 22 and 23 there are itemized payments or benefits to IOC members and the amount. The court has previously found the particular request as to benefits was evidentiary and otherwise well enough set out in the indictment and that the defendants' request was an evidentiary request. The indictment adequately sets out the payments or benefits. Dates and nature are matters of evidence. As to matters in the nature of misrepresentations and concealments, the defendants are not entitled to the particular specifics of concealments and misrepresentations as these are matters of evidence. The general methods are otherwise set out. Since some of the methods and the substance of the misrepresentations and con-

cealments is provided in the indictment, a bill is not required. *Kunzman, supra*, (bill properly denied in final scheme); see also *United States v. Sapp*, 835 F.Supp. 1346 (D.Kan., 1993). Therefore, the requests in paragraphs 15, 16, 17, 18 (except to the extent the Government has identified the publicly available documents in its response of December 18, 2000) 19, 20 and 21 is **DENIED** as a request for matters of evidence and detailed description and beyond the proper use of a bill of particulars.

As to the request made in ¶ 14 of the motion for a bill of particulars, subparagraphs 24(a)–(f) of the indictment set forth the particulars with adequate description to inform the defendants of the nature of the acts of concealment and misrepresentation. The further general request made by defendants, is **DENIED** as seeking evidentiary detail. *United States v. Gavran*, 620 F.Supp. 1277 (E.D.Wis., 1985) aff'd. 845 F.2d 1023 (7th Cir.) (Particulars of false representation and pretenses properly **DENIED** as to a motion for a bill of particulars as being a request for evidentiary material); also *United States v. Gabriel*, 920 F.Supp. 498 (S.D.N.Y., 1996) aff'd 125 F.3d 89 (2d Cir.).

### Request As To Diversion of SLBC Income for Personal Purposes

This request (¶ 23) seeks evidentiary material and is **DENIED**.

### Particulars Concerning Utah/Colorado Commercial Bribery Statutes

██ In the indictment, Count 1, charging conspiracy under 18 USC § 371, the Government has charged objects of the conspiracy were to violate the Travel Act and mail fraud statutes by conduct of promotions, management, establishment and carrying on a bribery in violation of Utah Code Ann. § 76–6–508 and Colo.Rev.Stat. § 18–5–401. Counts 2 through 5 charging Travel Act violations allege bribery as an object in violation of Utah Code Ann. § 76–6–508. This is Utah's business bribery (commercial bribery) statute. It makes punishable (subsection (1)(a)), conduct of conferring on the "employee, agent or fiduciary *of an employer or principal* any benefit with purpose of influencing

the conduct of the employee, agent or fiduciary in relating [sic] [relation] to his employer's or principal's affairs ..." or (b) accepting a benefit. Subsection (2) governs other conduct of holding oneself out as being engaged in the business of making a disinterested appraisal, etc. This provision is not involved in the indictment. The conduct to be sanctioned by the statute is varied as is the capacities of persons or entities. See *State v. Thompson,* 751 P.2d 805, 811 (Utah App.1988).

The defendants contend the indictment does not provide any identification of the particulars of defendants' conduct that was contrary to the Utah and Colorado statutes. The Utah statute is broader than bribery of a fiduciary and nothing in paragraph 19(a) of the indictment so limits the conspiracy charge. Counts 2 through 5 also are so alleged as not to disclose any particular capacity or activity within Utah Code Ann. § 76-6-508.

The Colorado statute is significantly narrower than the Utah statute and defines the offense of solicitation, accepting or agreeing to accept a benefit as a consideration to violate a "duty of fidelity." [3] How this statute applies to Johnson and Welch's conduct is not set forth with specificity in the indictment. "Duty of fidelity" is not necessarily the same as "fiduciary", but is based on the common law *People v. Lee,* 717 P.2d 493, 496 (Colo., 1986) and *United States v. Gaudreau,* 860 F.2d 357, 364 n. 23 (10th Cir., 1988). The Colorado statute has been upheld as against a facial vagueness challenge. *United States v. Gaudreau, supra,* (reversing 667 F.Supp. 1404, D.Colo.).

The United States has provided some information as to the alleged violations of the Utah and Colorado commercial bribery statutes (see communication from United States to defendants' counsel p. 2, December 18, 2000). The information provided should be formerly filed with the Clerk of the Court as a specific response to the defendants' motion.

Although the indictment does not require the details of the violation of the commercial

bribery statutes, incorporated in the indictment, some information as to the state commercial bribery statute may be necessary to reasonably inform a defendant as to what he must respond to.

The question is whether the Government's response is sufficient. It does particularize the part of the Utah statute involved and specifies the manner and a person involved in violation of the Colorado statute. The defendants contend that more particular information is required. The court believes that the particularized details of payments or considerations and exact transactions are matters of evidence. However, the court concludes that the defendants, in this instance, should be provided with the names of the agents, fiduciaries, and principals who were involved in the violation of Utah Code Ann. § 76-6-508(1)(a). That information should be provided within (15) days of this order unless an extension is granted. No other information on this matter is required to be provided.

The defendants' request for particulars of mail and wire fraud allegations (¶ 28 p. 6 of defendants' motion) are broadly stated and seek evidentiary information. The Government has informed defendants of additional information, to some extent, in its response memorandum. The defendants' reply memorandum literally begs evidentiary detail. This request is therefore **DENIED.**

### Specificity As to Other Statutes Required To In Paragraph 21 of Count I

This subject has been adequately addressed by the Government and defendants are informed from the totality of the indictment and the Government responses to requests 31 and 32. Therefore, no further information need be supplied.

The defendants' motion for a bill of particulars is **GRANTED** in part, as specified in this order, and is otherwise **DENIED.**

**IT IS SO ORDERED.**

---

**3.** Normally, "bribery" is not a joint offense of the giver and receiver. See *United States v. Anderson,* 509 F.2d 312 (D.C.Cir., 1974). Consider also *United States v. Davis,* 965 F.2d 804 (10th Cir., 1992).